NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois  60604

Submitted December 19, 2011
Decided January 13, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 11-2908 | Appeal from the<br>United States District Court for the |
| UNITED STATES OF AMERICA,<br>　　　　　　*Plaintiff-Appellee*, | Northern District of Indiana,<br>South Bend Division. |
| *v.* | No. 3:05-CR-00131-RLM-1 |
| BERNARD ELLIS,<br>　　　　*Defendant-Appellant*. | Robert L. Miller, Jr.,<br>*Judge*. |

## O R D E R

A jury convicted Bernard Ellis, the chief enforcer for a Chicago street gang, of five counts of aiding and abetting the making of a false statement intended to deceive a licensed gun dealer in violation of 18 U.S.C. §§ 2, 922(a)(6), and 924(a)(2), and four counts of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). At sentencing the judge determined that Ellis qualified as an armed career criminal, which (in combination with other factors) placed him in criminal-history category VI and resulted in an advisory guidelines range of 360 months to life. The judge imposed a total sentence of 480 months. Ellis appealed.

On appeal we reversed one of Ellis's felon-in-possession convictions on double-

jeopardy grounds but affirmed the remaining convictions. *See United States v. Ellis*, 622 F.3d 784, 793-96 (7th Cir. 2010). We also vacated Ellis's sentence after concluding that he did not qualify as an armed career criminal. *See id.* at 796-800. Finally, we remanded the case for resentencing.

On remand the sentencing judge determined that even without the armed-career-criminal designation, Ellis remained in criminal-history category VI. Accordingly, his advisory guidelines range was still 360 months to life. After hearing arguments from both sides, the judge again imposed a total sentence of 480 months. Ellis appealed.

In this second appeal, Ellis challenges only the substantive reasonableness of his sentence, which we review for abuse of discretion. *See Gall v. United States,* 552 U.S. 38, 51 (2007); *United States v. Hill*, 645 F.3d 900, 911 (7th Cir. 2011). Ellis's sentence falls within a properly calculated guidelines range, so it is entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Kilgore*, 591 F.3d 890, 895 (7th Cir. 2010).

Ellis's appeal essentially asks us to substitute our judgment for that of the sentencing judge. The judge acknowledged Ellis's arguments for a lower sentence—which he repeats in his appellate brief—but concluded that a 40-year sentence was appropriate.  Among other things, the judge emphasized Ellis's extensive criminal history, which involved multiple violent crimes. As a result, the judge found that Ellis presented a heightened need for punishment and deterrence. Ellis has not rebutted the presumption that this within-guidelines sentence is reasonable; the judge did not abuse his discretion.

AFFIRMED.